The next matter, number 23-1615, Daniel Richard Mahoney v. Carlos Del Toro. At this time, would counsel for the appellant please introduce herself on the record. Good morning. Emily Duprez on behalf of the appellant Daniel Richard Mahoney. I'd like to reserve two minutes for rebuttal, Your Honor. You may. Thank you. Your Honor, members of the panel, Mr. Mahoney experienced undiagnosed PTSD as a result of his service to this country in the Gulf War. That PTSD led him to alcohol abuse and unexcused absences from duty. Rather than ensure that he received adequate medical treatment, the Navy kicked him out, bluntly stating he was of no further use. Mr. Mahoney lost the next two decades of his life to the ravages of PTSD. He overcame homelessness and he became sober. He turned his life around, no thanks to the Navy. He's now gravely ill with a neurological condition that his doctors attribute to his time in service. Relying on statutory directive and the Navy's own guidance, Mr. Mahoney sought an upgrade in his discharge status based on an understanding that his entire claim would receive liberal consideration. Thirty years after kicking him to the curb, the Navy repeated this injustice by denying his petition. We respectfully submit that the Navy and the court below got it wrong. And that's not our standard of review. What is the Administrative Procedure Act standard of review we are applying? And then argue from that. Yes, Your Honor, the standard of review on the Administrative Procedure Act claim that we have is whether there was an error. And we would submit that there was an error here, that it is... No, it is not. Come on. We would submit that there is no rational basis for the court to uphold the BC&R's decision below. Arbitrary or capricious, no reasonable adjudicator could conclude the way it did. Isn't that the standard of review? Yes, Your Honor. All right, proceed. The Navy is wrong that they do not owe Mr. Mahoney's claim liberal consideration. The plain text of the statute at 10 U.S.C. 1552H says that where a claim is based in whole or in part on PTSD, the BC&R must apply liberal consideration to the claim. The statute doesn't say that if the claim is based in part on PTSD that the Navy then only applies liberal consideration to the part that is not based on PTSD. This means that once triggered, the BC&R must apply liberal consideration to the claim, not part of it. The BC&R nor the court below cites no support for their interpretation of this statute. And in fact, the Navy's interpretation results in entirely the opposite of liberal consideration. Counsel, I thought what the district court held below and the circumstances for your client are obviously extremely upsetting. And so I understand why it's important to the client to look at this decision carefully. But I thought really what the district court held is that ultimately there was a credibility issue. And it really wasn't about how the Navy looked at the PTSD issues, which it took seriously, but that ultimately they felt that he had lied and that the explanation he gave for the positive marijuana test was just not credible. And that was really the issue. So can you address that? Yes, Your Honor. I'm glad you asked that question because that is a key issue in this case that we think that the BC&R and the court below got wrong. They made a credibility determination without making any findings of fact, without any evidence whatsoever, any factual basis whatsoever to support their determination that Mr. Mahoney's recollection of events 30 years prior when he admittedly was drunk at an incident was not credible. There's absolutely no evidence in the record to support that. And the case law on this is that an adverse credibility determination must be based on substantial evidence. Here there's no evidence. The BC&R explicitly denied Mr. Mahoney's request for a personal appearance. In Mr. Mahoney's affidavit, there's no reason to think that what he said was untrue. Counsel, I'm sorry, go ahead. No, go ahead, Judge Lynch, please. You make the argument that he could not have possibly anticipated that the Navy's earlier rejection of his explanation for the marijuana use, which is somebody flicked a roach into his beer and that accounted for his high rating on a marijuana test later. The argument is he could possibly have anticipated that when he submitted his affidavit. But of course he could have anticipated that and could have at that point decided to offer either a different explanation or some evidence in support of that explanation. And he chose not to. So why is the Navy arbitrary in concluding that it gave him a chance and he simply didn't come up with a good answer when he knew how people viewed it? Three things, Your Honor. First, we would submit that Mr. Mahoney's response is entirely reasonable and plausible. That is not the question. You tried to excuse the absence of any explanation by saying he couldn't have known that this would become an issue. But of course he could have known. Your Honor, respectfully, I disagree that he could have known. The guidance from the Navy says that the Navy, the BCNR, will consider the relative severity of a marijuana offense and the fact that over time the society has adjusted and viewed the severity of those offenses to be less significant. I think the issue again isn't the offense itself, but what they viewed as his lying about it. And here they were looking at whether they needed to re-characterize, change the previous decision, and ultimately concluded no because really it was based in part on him lying about what happened. So it's not about, you know, now that standards for looking at marijuana use are different. It's about whether he lied and whether right now there should be more lenient response to the fact that we concluded he lied. And, Your Honor, I disagree with the assumption made that he was lying. It's illogical to think that he would lie. He admitted to much worse conduct, a much worse pattern of misconduct, including an unexcused absence of almost 12 hours. That is much worse than a single incident where he randomly was selected for a urinalysis test and tested positive for it. And in fact, in the record, at the time that he went into the Navy, he was advised at enlistment that he would be strongly warned of a positive urinalysis and that only upon confirmation of a positive urinalysis would he be discharged. That's at Joint Appendix page 345. There's the only evidence in the record that he was engaged in any sort of continued drug conduct. May I finish, Your Honor? Yes, please. Thank you. The only evidence in the record that he was subject to or that he engaged in marijuana use is the single positive urinalysis, which we don't even have the results of to question or understand what the results were. So for the BCNR to base its entire decision on his credibility on the fact that he lied, I would submit that there's simply no factual evidence to support that conclusion. Thank you. Thank you, Counsel. At this time, Counsel for the Government would please introduce himself on the record to begin. Good morning, Your Honors. Michael Fitzgerald for the Appellee. Secretary Del Toro. So I first just want to clarify that it's not as though the Board ignored or declined to apply the liberal consideration to Mr. Mahoney's application at all. The Board liberally considered whether, and even assumed to Mr. Mahoney's benefit, whether he suffered from PTSD, and it liberally considered whether his PTSD excused or mitigated his marijuana use. At the same time, I think Mr. Mahoney respectfully is incorrect in arguing that the Board was required to apply liberal consideration to every contention contained within a service member's application, regardless of its connection to PTSD. I think Mr. Mahoney's recitation of the Statute 1552H just rests on a truncated portion of that provision. The full text of 1552H states that the Board has to review the claim with liberal consideration to the claimant that PTSD potentially contributed to the circumstances resulting in the characterization of his discharge. Similarly, the DOD guidance that's been cited, the Hagel, the CURTA, the Wilking Memoranda, they similarly make the point and emphasize the importance of considering the causality, the association between the service member's PTSD and the misconduct or the conduct at issue. After all, when considering the context of the liberal consideration standard, its animating purpose, how it came to be, it recognizes that PTSD was not well documented or diagnosed or understood in the past. And so it makes sense that if there are close calls about whether or not a service member suffered from PTSD, there are close calls about how that PTSD manifested at the time, the Board should give the benefit of the doubt to the service member in those situations. That logic just doesn't apply to contentions that aren't based on PTSD. I could just give a very basic example. If a service member submitted an upgrade application arguing that, you know, my PTSD mitigated misconduct that led to my discharge, and also there was just, say, a clerical error in how the Navy processed my DD-214, the Board would have to give liberal consideration to its contention that the PTSD excused or mitigated the misconduct, but naturally wouldn't have to liberally consider whether there was like a scrivener's error in the DD-214. And so I guess another way of putting it is the finding of PTSD, it's not like a key that unlocks a more generous standard of review for anything and everything contained within an application. It's just the standard with which you, the lens through which you view PTSD-based contentions. I also just want to address... And I take it that any connection between PTSD and his dissembling, their belief that he was lying, just has never been advanced because there's been no recognition, acknowledgement that he was lying. Is that the problem? I think that's, yes, Josh Howard, I think that's the problem. There's been no contention that his PTSD, you know, would be truthful in 2018 when he submitted this application. I think so. It would be, I think, a very unusual circumstance for the Board to need to apply liberal consideration to a credibility determination upon the submission of an application unless there was a contention that PTSD is somehow affecting the veracity of the submission. Remember that the conduct of issue happened in 1989, September 1989. Well, he never claimed that, and he had a psychologist available to him, and that psychologist never claimed it either. That's correct, Judge Blanchard. If I could actually elaborate on that point, Mr. Mahoney contends that his psychologist did find that his PTSD contributed to his marijuana use, all the circumstances of his misconduct. Just reviewing those, the report from Dr. Dixon, the civilian psychologist, and Lieutenant Summers, the Navy psychologist, it's clear that they didn't make a finding, they didn't even consider whether PTSD contributed to the marijuana use. Dr. Dixon, in particular, looked at whether his PTSD contributed to his substance abuse and expressly defined substance abuse as his alcohol abuse. Lieutenant Summers, in turn, just relied on Dr. Dixon's report and Mr. Mahoney's application overall. In any event, and honestly, in fairness to the psychologist, they just wouldn't have had any reason to consider whether PTSD contributed to the marijuana use because Mr. Mahoney wasn't claiming it. He expressly disclaimed intentionally using or self-medicating with marijuana, so that wouldn't have even been within their purview. I do also want to address Mr. Mahoney's contention that the board was required to separately address his claims based on his alcohol dependency and the pattern of misconduct that ensued from that. There's no requirement in administrative law generally, or these correction boards in particular, that an agency consider and evaluate contentions that would not even affect the outcome of the agency's decision. I think that follows almost a fortiori from this court's decision in Sassen v. Spencer, which recognized that prejudicial error rule and a harmless error analysis applies to these types of agency decisions. Even if it was error for the board not to consider a particular contention, that wouldn't matter unless it would have affected the outcome of the board's decision. By definition, if there truly were independently sufficient bases for the board's decision, the failure to consider one wouldn't have affected the ultimate outcome of the board's decision. Similarly, I think going to Judge Lynch's point about standard of review in APA cases being arbitrary and capricious, as to Mr. Mahoney's arguments that his marijuana use was not an independently sufficient basis for his discharge, so that's a factual finding made by the board, and that's reviewed under the arbitrary and capricious standard, which I think the weight of authority holds. That's the same thing as the substantial evidence standard in this context, and as this court has explained, substantial evidence means evidence that a reasonable mind could find adequate to support a conclusion. I think it's just very difficult to say that no reasonable mind could find that marijuana use was an independently sufficient basis for the discharge. Somewhat, I guess, more importantly... But again, was it the use or the fact that he wasn't truthful about the use? I think with respect to the discharge, the Navy's characterization of the discharge, it was the use that provided an independently sufficient basis for the discharge. In terms of the board's decision, which is really, I guess, the more important one for purposes of the APA case, it was, as your Honor points out, his failure to adequately address the marijuana use, and they found that he failed to adequately address the marijuana use because they found that he was not credible on this point. Just on the credibility point, Mr. Mahoney's primary contention on appeal has been that he wasn't afforded a hearing before the board made that credibility determination, and just a few points in response to that. First, Section 1552A3 authorizes the Secretary to review these types of applications under procedures set by the respective military departments themselves. In turn, the Navy's regulation here, I believe it's 32 CFR 723.3E, expressly allows the board to make these decisions without a hearing. To the extent Mr. Mahoney's arguing, okay, put that aside, due process nonetheless requires me hearing in these circumstances under a Matthews versus Eldridge analysis, that type of claim was not set forth in his complaint before the district court, and so it would be waived. Mr. Mahoney also makes the point that Appellee, I guess, waived this counterpoint by not mentioning it in the response brief, but his support for that is authority relating to appellant waiver, which is fundamentally different. With respect to Appellee waiver, I think Judge Posner used to make this point all the time, an Appellee's failure or decision not to address a point made in an opening brief actually can't be construed as waiver or forfeiture because an Appellee's not required to even submit a response brief at all. And then finally, with respect to the notion that Mr. Mahoney, I guess, wouldn't have known that this could be an issue, credibility's always going to be an issue when you're submitting an application for relief, like a discharge upgrade. You know, the board, and I think it's also important to emphasize that Mr. Mahoney bore the burden of proof. That's production and persuasion on this issue. So it's not enough to say, well, the board didn't point out to evidence showing that he's not credible in this instance. Mr. Mahoney bore the burden of proof. He also didn't raise this explanation or excuse at the time. And so the board was entitled to apply its presumption of regularity as agencies do across numerous fields in these APA cases. And it was allowed to rely on the NJP finding at the time, which found that it was wrongful marijuana use and not unintentional ingestion. Finally, I'll just say, obviously I'm not here to disparage or undermine Mr. Mahoney's admittedly admirable post-discharge accomplishments. The point is just that they don't affect the board's decision in this case. Thank you. I'm sorry. Sure. Sorry. Just two questions. One, with respect to the DD-214, can you remind me, was it a BCD? Dishonorable or bad conduct? It was other than honorable discharge. Other than honorable. And he's asking, he was asking the board for what alternative, general or honorable? Or what was he asking? Honorable or under a general, I believe it was either an honorable discharge or general under honorable conditions. And my next question, did this appeal go through our camp mediation program? No, Your Honor. Okay. Was it offered? To be candid, I'm not sure. No. That's fine. Thank you. Thank you, counsel. At this time, counsel, for the appellant, please reintroduce yourself on the record. You have a two-minute rebuttal. When I said was it offered, I meant did the court offer it? Okay. Your Honor, Emily Duprez on behalf of Daniel Richard Mahoney. I want to focus on one thing. The appellee says that, and the court has said that Mr. Mahoney bears the burden of proof with respect to the marijuana incident. And that has, you know, shown to be a key issue today. However, the reason that Mr. Mahoney didn't address this in his application explicitly and had no reason to think that he should explicitly address it is because of the way the Navy framed his discharge. It's not, the Navy always connected and intertwined his conduct. They discharged him for misconduct due to drug abuse and pattern of misconduct. It is well documented in the record that the drug abuse that he was guilty of was alcoholism. The only evidence that there was, that marijuana was even an issue was the single positive urinalysis. So there was no reason for Mr. Mahoney to believe that this would be an issue that he should address or that it would be the primary issue that would determine the basis of his discharge. It simply didn't figure in the analysis at the time of when he submitted his application. He had no reason to think that he would have to answer for an explanation that he was never even asked for at the time of his discharge in 1989. So to hold him to a different standard now 30 years later to make this man lie under oath or give facts that he didn't remember 30 years later at the time that he submitted his application is also an unjust result that we would submit should be considered on appeal and is the opposite of liberal consideration. In closing, I'd just say that the BCNR's decision in this case is an injustice allowing it to stand guts the very notion of liberal consideration and the interpretation of the statute that has been put forth by the appellee allows injustices like this to continue on and represents a tortured reading of the record. We'd respectfully ask that the court remand to the BCNR with an instruction to apply liberal consideration to the entirety of Mr. Mahoney's claim. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.